# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| MIKEAL GENE COLE, JR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Cause No. 1:18-CV-403-HAB |
| ANDREW SAUL, Commissioner of the Social Security Administration,[1] | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Require Defendant to Complete the Record and for a Suspension of Briefing Deadlines Pending Said Completion (ECF No. 21), filed on August 6, 2019. Having reviewed the Social Security Administrative Record (ECF No. 12), it appears that the record submitted by Defendant is facially deficient. Accordingly, the Motion will be granted.

Both 42 U.S.C. § 405(g) and Northern District of Indiana Local Rule 7-3 require Defendant to file a certified copy of the administrative record with the Court. Here, Defendant filed the record on April 2, 2019. The record contained a certification that stated:

> The undersigned, as Chief, Court Case Preparation and Review Branch 3, Office of Appellate Operations, Social Security Administration, hereby certifies that the documents annexed hereto constitute a full and accurate transcript of the entire record of proceedings relating to this case.

(ECF No. 12 at 1). The certification is signed by Michael Sampson and dated February 5, 2019.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Despite the certification that the record is "full and accurate," it seems that it is not. For instance, the ALJ's Decision represents that it has been rendered following "a hearing held on February 16, 2018, in Fort Wayne, Indiana." (*Id*. at 9). No transcript for that hearing is included in the record. If the hearing was recorded, this would be a rather substantial omission on the part of Defendant. *See* 20 C.F.R. §§ 404.951, 416.1451 ("All hearings will be recorded.")

Plaintiff represents to the Court that the record also fails to include dozens of exhibits to the February 16, 2018, hearing. (ECF No. 21 at 2). The Court must assume that this is true. Unfortunately, the way the ALJ refers to the hearing exhibits in the Decision bears no relation to how documents are identified in the record. Rather than refer to documents by exhibit number, the index to the record groups documents according to their content (judicial documents, non-medical records, medical records, etc.) and labels them accordingly. While there may be good reasons to organize the record as Defendant has, the utilization of a wholly different labeling convention makes it difficult, and in some cases impossible, for the Court to identify the records at issue. That is the case with the exhibits the Plaintiff identifies as missing.

The filing of a complete record is not some procedural nicety. Rather, the record forms the basis for the Court's and the parties' review of the Decision. Moreover, the certification that the record is full and complete is not meaningless or a formality. The Southern District of Indiana has cautioned the Defendant in the past that tendering an incomplete record can be a basis for sanctions under Federal Rule of Civil Procedure 11. *See McCollough v. Apfel*, 95 F. Supp. 2d 956 (S.D. Ind. 2000). While the Court does not believe that Rule 11 sanctions are appropriate in this case, and Plaintiff has not requested them in any event, the Court is nonetheless alarmed at the significant omissions in this case.

For the foregoing reasons, Plaintiff's Motion to Require Defendant to Complete the Record and for a Suspension of Briefing Deadlines Pending Said Completion (ECF No. 21) is GRANTED. Defendant is ordered to file a complete and accurate copy of the administrative record within fifteen (15) days of this Opinion and Order. All briefing in this matter is hereby SUSPENDED. The parties are directed to follow the briefing schedule set forth in Local Rule 7-3(b) after the submission of the complete administrative record.

SO ORDERED on August 12, 2019.

                                 s/ Holly A. Brady
                                 JUDGE HOLLY A. BRADY
                                 UNITED STATES DISTRICT COURT